**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

SAMUEL MAMULA
                              **Plaintiff**          **CIVIL ACTION NO.:**

VERSUS

ALERE TOXICOLOGY, INC.,
AMERIGAS PROPANE, INC., AND
CALCASIEU URGENT CARE, LLC.
                    **Defendants**

**NOTICE OF REMOVAL**

AmeriGas Propane Inc. ("AmeriGas"), fully reserving its rights to raise all defenses and objections to which it may be entitled, including those stated in Federal Rule of Civil Procedure 12, and hereby removes from the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, to the United States District Court for the Middle District of Louisiana, the following described and captioned lawsuit.  In support thereof, AmeriGas represents as follows:

**Removal Jurisdiction**

1.

Removal is proper in any civil action "of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).  AmeriGas bases this removal on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between all parties in this case and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.

AmeriGas files this Notice of Removal within 30 days of receipt of the initial pleading "through service or otherwise" which occurred on December 10, 2025. 28 U.S.C. § 1446(b)(1). Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

1

3.

Venue is proper in the United States District Court for the Middle District of Louisiana because the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana is located within this District. 28 U.S.C. § 1441(a).

**Statement of Facts**

4.

On December 2, 2025, Plaintiff Samuel Mamula ("Plaintiff") filed a Petition for Damages ("Petition") against Alere Toxicology, Inc. ("Alere"), AmeriGas, and Calcasieu Urgent Care, LLC ("Calcasieu Urgent Care") (collectively, "Defendants") in the 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana. The suit is captioned *Samuel Mamula v. Alere Toxicology, Inc., AmeriGas Propane, Inc., and Calcasieu Urgent Care, LLC*, and bears Docket No. C-771156. AmeriGas was served on December 10, 2025. Upon information and belief, at the time of filing this Notice of Removal, Alere and Calcasieu Urgent Care were both served on December 10, 2025 with the Petition for Damages. In accordance with 28 U.S.C. § 1446(a), and a copy of the papers received by AmeriGas, along with the correct copy of all process, pleadings, and orders filed to date in this matter, is attached hereto as Exhibit A.

5.

Plaintiff alleges that on or about April 23, 2025, Plaintiff submitted to a random drug test from his employer AmeriGas at Calcasieu Urgent Care. *See* Petition, ¶¶ 6, 9. Plaintiff alleges the urine sample was transported to an Alere testing facility. *See* Petition, ¶ 10. On May 13, 2025, Plaintiff claims AmeriGas notified Plaintiff his random drug test results were unfavorable and subsequently terminated his employment. *See* Petition, ¶¶ 11, 12. Plaintiff alleges Calcasieu Urgent Care and Alere

breached their duties of care to accurately perform and report results from random drug tests. *See* Petition, ¶¶ 14, 15.

6.

Plaintiff further alleges Alere's publication of the false positive result to AmeriGas was defamatory and negligent. *See* Petition, ¶¶ 18, 21.

7.

Plaintiff alleges AmeriGas violated his employee rights by terminating his employment based on the false positive drug test. *See* Petition, ¶ 22.

8.

Plaintiff alleges Alere breached its contractual duty to AmeriGas which caused harm to Plaintiff. *See* Petition, ¶¶ 23-24.

9.

Plaintiff alleges AmeriGas is liable for the following failures: failure to provide written notice to Plaintiff of the random drug screening procedures; failure to obtain signed acknowledgement of Plaintiff's understanding and consent to the drug screening procedures; failure to notify Plaintiff of the consequences for refusal or failure to comply with the random drug screening procedures; failure to use SAMHAS certified collection and screening facilities, failed to ensure proper chain of custody procedures; failure to require confirmation testing of positive results; failure to clearly define disciplinary actions for positive results; failure to provide a procedure for disputing results; failure to offer rehabilitation services and/or return to work programs; failure to ensure compliance regulations with DOT regulations; failure to ensure that its contracts with third party providers Alere and Calcasieu Urgent Care remained in compliance with DOT regulations; failure to use a random selection system; failure to test a minimum of 50% of safety sensitive employees per year; failure to

3

documents its random selection method and maintain records; failure to inform Plaintiff that he could request split ample testing after the initial positive test within 72 hours; and failure to provide notice and opportunity for Plaintiff to challenge the drug screen results. *See* Petition, ¶¶ 26-34.

10.

Plaintiff seeks the following categories of damages: (1) lost wages and benefits; (2) loss of career advancement opportunities; (3) emotional distress and mental anguish; (4) reputational harm; (5) costs associated with remedial actions; (6) punitive damages; (7) other general and special damages available under Louisiana law, including but not limited to interest, court costs, and attorney fees, as applicable. *See* Petition, ¶¶ 36a-f.

### Basis for Removal

11.

Removal of this matter is warranted based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between all defendants in this case and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.

Since complete diversity of citizenship exists between all defendants and the amount in controversy exceeds $75,000.00, this action is removable to federal court. 28 U.S.C. §1332(a) and 28 U.S.C. § 1441(b).

### The Plaintiff and All Defendants are Completely Diverse

13.

Plaintiff alleges he "is a person of the full age of majority domiciled in the Parish of Ascension, State of Louisiana[.]"

4

14.

Plaintiff alleges Alere Toxicology Services, Inc. is a corporation domiciled in Illinois. *See* Petition, ¶1(1). A corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Alere is incorporated in the State of Illinois and, upon information and belief, has its principal place of business in Illinois.[1] Accordingly, for purposes of removal jurisdiction under 28 U.S.C. § 1332, Alere is citizen of Illinois, and it is not a citizen of Louisiana.

15.

Plaintiff alleges AmeriGas is a corporation domiciled in Pennsylvania. *See* Petition, ¶1(2). A corporation is a citizen of the state where it is incorporated. *See* 28 U.S.C. § 1332(c)(1). AmeriGas is incorporated in the State of Pennsylvania and has its principal place of business in Pennsylvania.[2] Accordingly, for purposes of removal jurisdiction under 28 U.S.C. § 1332, AmeriGas is citizen of Pennsylvania, and it is not a citizen of Louisiana.

16.

Plaintiff alleges Calcasieu Urgent Care is a limited liability company domiciled in Louisiana. *See* Petition, ¶1(3). For purposes of removal jurisdiction under 28 U.S.C. § 1332, the citizenship of a limited liability company is determined by the citizenship of each of its **members**. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). According to filings with the Louisiana Secretary of State, Calcasieu Urgent Care is a limited liability company whose sole member, Selena Gurley, is domiciled in Tennessee.[3] Accordingly, for purposes of removal jurisdiction under 28 U.S.C. § 1332, Calcasieu Urgent Care is citizen of Tennessee, and it is not a citizen of Louisiana.

---

[1] *See* Louisiana Secretary of State details for Alere Toxicology Services, Inc., attached hereto as Exhibit B.
[2] *See* Declaration of Jennifer Ombiji, attached hereto as Exhibit C; *see also* Louisiana Secretary of State details for AmeriGas Propane, Inc., attached hereto as Exhibit D.
[3] *See* Louisiana Secretary of State details for Calcasieu Urgent Care, LLC., attached hereto as Exhibit E.

17.

Accordingly, because Plaintiff is a citizen of Louisiana, and neither Alere, nor AmeriGas nor Calcasieu Urgent Care are citizens of Louisiana, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**The Petition Asserts Damages In Excess Of The $75,000 Jurisdictional Amount**

18.

While AmeriGas makes no concessions regarding its alleged liability or the viability of Plaintiff's claims, the "matter in controversy exceeds" the jurisdictional amount of $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

19.

As the Supreme Court has explained, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 551-554 (2014) (holding that evidence of the amount in controversy will only be required when this factor is contested); *see also, Carter v. Westlex Corp.* 643 Fed. Appx. 371, 375 (5th Cir. 2016) (citing to *Dart* regarding the amount in controversy requirement for removal, and finding, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and this "allegation should be accepted when not contested by the plaintiff or questioned by the court"). A defendant may establish that the amount in controversy exceeds $75,000.00 in one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)). Here, AmeriGas can show it is both

facially apparent from the factual allegations and damages set forth in the Petition, along with facts set forth herein, that Plaintiff's claims exceed the requisite jurisdictional amount in this case.

20.

Although the Petition does not specify the amount of damages sought, Plaintiff declined to allege in his Petition that his damages were less than $75,000. *See* La. Code Civ. P. art. 893, which generally prohibits parties from including the amount of damages they are seeking, but permits a general allegation that the claim is less than the requisite amount to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." Plaintiff had the opportunity pursuant to La. Code Civ. P. art. 893 to include an allegation in his Petition that the amount he is claiming in damages is less than $75,000, but he declined to do that. Accordingly, from the face of the Petition, Plaintiff's claim exceeds $75,000.

21.

Further, Plaintiff is seeking damages including but not limited to the following: lost wages and benefits, loss of career advancement opportunities, emotional distress and mental anguish, reputational harm, costs associated with remedial actions, punitive damages, and other general and special damages available under Louisiana law, including but not limited to interest, court costs, and attorney fees, as applicable. *See* Petition, ¶ 36.

22.

Specifically, Plaintiff seeks to recover damages for lost wages and benefits and loss of earning capacity as a result of Defendants' actions and/or omissions which resulted in his termination of his employment with AmeriGas on May 13, 2025. *See* Petition, ¶¶ 12, 36. Plaintiff alleges at the time of his termination, his base salary in addition to health insurance, retirement contributions, and other

benefits "are substantial." *See* Petition, ¶ 36. At the time of Plaintiff's termination, he earned $29.17 per hour.[4]

23.

Plaintiff's weekly earnings from AmeriGas typically totaled $1,266.80.[5] Thus, between Plaintiff's termination date and the date of the filing of this removal, Plaintiff's backpay claim alone already exceeds $43,071.20, and continues to accrue.

24.

The average time for a case to proceed to trial in the United States District Court for the Middle District of Louisiana is 25.9 months.[6] As such, by the time of trial, Plaintiff's claim for backpay alone is likely to exceed $185,586.20 not including any additional lost benefits, or any additional damages Plaintiff alleges he suffered and/or continues to suffer, or his request for attorney's fees.

25.

Plaintiff also claims loss of career advancement and reputational harm by Defendants' alleged conduct. *See* Petition, ¶ 36. Plaintiff's above-described gross earnings with AmeriGas are a reasonable representation of his income potential in the marketplace, supporting again that the value of Plaintiff's alleged claims, excluding costs and interest, exceeds the minimum threshold.

26.

Plaintiff additionally claims as a result of Defendants' alleged conduct, he has suffered emotional distress and mental anguish and costs associated with remedial actions. *See* Petition, ¶ 36. Given that Plaintiff seeks such damages and expenses, along with the above-described claims

---

[4] *See* Exhibit C.
[5] *See* Exhibit C.
[6] https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2023.

for lost wages and benefits, loss of career advancement opportunities and reputational harm, it is appropriate to conclude that the value of his claims exceed the jurisdictional minimum. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Scirocco v. Ford Motor Co.*, No. 5:13-CV-128-KS-MTP, 2014 WL 5817543, at *1 (S.D. Miss. Nov. 10, 2014) (facially apparent that plaintiffs' claims were likely to exceed $75,000 where they alleged mental anguish, anxiety, pain and suffering, disability, disfigurement, loss of wages and wage-earning capacity, past and future medical expenses, and loss of consortium); *Parker v. Jazz Casino Co. LLC, No.* 10-2889, 2010 WL 4812961, at *2 (E.D. La. Nov. 19, 2010) (in gender and race discrimination case where plaintiff did not plead amount in controversy, court determined that based on damages included in plaintiff's petition including back pay, front pay, punitive damages and attorney's fees, defendant met the amount in controversy requirement and denied motion to remand).

27.

When mandated or allowed by statute, reasonable attorneys' fees may be included in the amount in controversy for purposes of diversity jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

28.

Plaintiff seeks other general and special damages available under Louisiana law, including but not limited to interest, court cost, and attorney fees, if applicable. Under La. R.S. 23:303(A), which provides, "A plaintiff who has a cause of action against an employer … for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay,…, reasonable

9

attorney fees, and court costs." Plaintiff's attorneys' fees are accruing; it is more likely than not the amount will total thousands of dollars.

29.

Accordingly, the facts in controversy and the face of the Petition establish more than $75,000 is in controversy based solely on Plaintiff's state law claims arising under La. R.S. § 23:301, *et seq*. and La. R.S. § 23:967.

**Notice to Other Parties and the State Court**

30.

Along with the filing of this Notice of Removal, AmeriGas has at the same time given written notice to Plaintiff, Alere and Calcasieu Urgent Care by furnishing copies of this Notice of Removal and attachments and will file forthwith a notice of this removal in the 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana. Alere and Calcasieu Urgent Care consent to the filing of this Notice of Removal.

31.

AmeriGas reserves its rights to raise all objections and defenses to which it may be entitled, waiving nothing.

32.

AmeriGas reserves its right to amend or supplement this Notice of Removal and to urge additional arguments in support of its entitlement to remove this suit.

**Conclusion**

33.

AmeriGas has properly established diversity of citizenship jurisdiction exists based on the claims and allegations set forth in Plaintiff's Petition. This case is, therefore, removable pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

62913123.v1-OGLETREE

Respectfully submitted,

/s/ *Sara Grace Sirera*
Hal D. Ungar, La. Bar No. 31344
Sara Grace Sirera, La. Bar No. 38405
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  504.648.3840
Facsimile:  504.648.3859
Email: hal.ungar@ogletreedeakins.com
          sara.sirera@ogletreedeakins.com

*Attorneys for Defendant, AmeriGas Propane Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record via the

Court's Electronic Filing System.

This 9th day of January, 2026.

 /s/ *Sara Grace Sirera*
SARA GRACE SIRERA

11

63020483.v1-OGLETREE