EAST BATON ROUGE PARISH
Filed Dec 02, 2025 10:57 AM
Deputy Clerk of Court
E-File Received Dec 01, 2025 4:42 PM

C-771156

NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

SAMUEL MAMULA                                    DOCKET NO:

VERSUS

ALERE TOXICOLOGY, INC.,                          DIVISION:
AMERIGAS PROPANE, INC., AND
CALCASIEU URGENT CARE, LLC.

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Samuel Mamula, a person of the full age of majority domiciled in the Parish of Ascension, State of Louisiana, who respectfully avers as follows:

1.

Made defendants herein are:

(1) Alere Toxicology Services, Inc., (hereinafter "Alere") upon information and belief, an Illinois corporation authorized to do and doing business in the State of Louisiana.

(2) Amerigas Propane, Inc., (hereinafter "Amerigas") upon information and belief, a Pennsylvania corporation authorized to do and doing business in the State of Louisiana.

(3) Calcasieu Urgent Care, LLC, upon information and belief, a domestic limited liability company domiciled in the Parish of East Baton Rouge, State of Louisiana.

2.

Amerigas is the largest retail propane distributor in the United States. Amerigas distributes propane through the use of delivery trucks. Propane is pressurized and flammable. So, Amerigas presumably follows safety protocols including Department of Transportation (hereinafter "DOT") requirements.

3.

DOT requires a commercial driver's license with a Hazmat endorsement among other specialized requirements. DOT requires alcohol and drug testing for all safety-sensitive positions, including propane truck drivers. Required tests for DOT include pre-employment, random, reasonable suspicion, post-accident, and return to duty/follow up after violation type tests. These rules are promulgated and implemented by the Federal Motor Carrier Safety Administration.

4.

Drug testing labs must be SAMHSA certified. SAMHSA stands for "Substance Abuse and Mental Health Services Administration. SAMHSA is a federal agency under the U.S. Department of Health and Human Services. Among other roles, SAMHSA certifies laboratories for DOT regulated drug testing, sets standards for specimen collection, testing, and reporting to ensure accuracy and reliability.

5.

Upon information and belief, Amerigas contracted with Alere to conduct DOT regulated random drug tests for employees.

6.

Samuel Mamula (hereinafter "Mamula") was a longtime employee of Amerigas.

7.

On or about April 23, 2025, Mamula received notice to report for a random drug test from his employer Amerigas.

8.

Mamula dutifully complied.

9.

Mamula reported to "Fast Pace" at 902 Main St., Baker, LA. and provided a urine sample to a "K. Barnes" on April 23, 2025 at 9:00 a.m. "Fast Pace" is the trade name for Calcasieu Urgent Care, LLC. (hereinafter "Calcasieu").

10.

Thereafter, Mamula's urine sample was transported by Federal Express, upon information and belief, to an Alere testing facility.

11.

Amerigas subsequently notified Mamula on May 13, 2025 that his random drug test result was unfavorable.

12.

On or about the same date, May 13, 2025, Amerigas terminated Mamula.

13.

On May 20, 2025, Mamula passed a hair follicle drug test. Mamula submitted to a hair follicle test at ARCpoint Labs of Baton Rouge-South 11135 Industriplex Blvd., Unit 100, Baton Rouge, LA. 70809 for submission to submitted to United States Drug Testing of 1700 S. Mount Prospect Road, Des Plaines, IL. 60018.

14.

Calcasieu and Alere owed a duty of care to Mamula to accurately perform and report results from random drug tests.

15.

Upon information and belief, Calcasieu and Alere breached that duty by improperly testing the urine sample, mishandling the urine sample, mislabeling the urine sample, and/or failing to follow required protocols.

16.

The report of the false positive directly caused employment harm to Mamula who was terminated by Amerigas.

17.

Mamula is entitled to damages, including but not limited to, lost wages/benefits, emotional distress, and/or reputational harm.

18.

Alere's publication of the false positive result to Amerigas is defamatory.

19.

The positive drug test result is false.

20.

The false statement caused harm to the reputation and employment of Mamula.

21.

The false statement by Alere was negligent.

22.

Amerigas terminated Mamula based on the false positive drug test in violation of Mamula's employee rights.

23.

Upon information and belief, Amerigas contracted with Alere to provide random drug testing in order to comply with DOT regulations. DOT regulations not only benefit the general public and the employer, they benefit the employee. Therefore, the contractual obligation between Amerigas and Alere includes a benefit for Mamula. In short, if Mamula passes the random drug screen contractually provided by Alere, then Mamula remains employed with Amerigas. Mamula is an intended beneficiary of the contractual obligation between Amerigas and Alere.

24.

A breach of the contractual duty Alere owes to Amerigas caused harm to Mamula.

25.

Amerigas wrongfully terminated Mamula.

26.

Upon information and belief, Amerigas failed to provide written notice to Mamula of the random drug screening procedures, failed to obtain signed acknowledgment of Mamula's understanding and consent to the random drug screening procedures, and failed to notify Mamula of the consequences for refusal or failure to comply with the random drug screening procedures.

27.

Upon information and belief, Amerigas failed to use SAMHAS certified collection and screening facilities, failed to ensure proper chain of custody procedures to maintain sample integrity, and failed to require confirmatory testing for any positive results.

28.

Upon information and belief, Amerigas failed to clearly define disciplinary actions for positive results, failed to provide a procedure for disputing results, including but not limited to retesting at employee expense or at an independent lab, failed to offer rehabilitation services and/or return to work programs where feasible.

29.

Upon information and belief, Amerigas failed to ensure compliance with DOT regulations and failed to ensure that its contracts with third party providers Alere and Calcasieu remained in compliance with DOT regulations.

30.

Upon information and belief, Amerigas failed to use a random selection system that is unpredictable and cannot be influenced by supervisors for its random drug screens.

31.

Upon information and belief, Amerigas failed to test a minimum of 50% of safety sensitive employees per year.

32.

Upon information and belief, Amerigas failed to document its random selection method and maintain records.

33.

Upon information and belief, Amerigas failed to inform Mamula that he may request split sample testing after the initial positive test within 72-hours.

34.

Upon information and belief, Amerigas failed to provide notice and an opportunity to Mamula to challenge the drug screen results.

35.

Amerigas' failures resulted in the wrongful termination of Mamula for a false positive drug test result leading to damages being suffered by Mamula, including but not limited to, general, special, and punitive damages.

36.

As a direct and proximate result of the actions and/or omissions of Alere, Calcasieu, and Amerigas as described herein, Mamula has suffered and continues to suffer substantial damages, including but not limited to:

(a) Lost wages and benefits: Mamula was terminated on May 13, 2025, as a direct result of the false positive drug test. At the time of the termination, Mamula's base salary per year, in addition to health insurance, retirement contributions, and other employee benefits valued annually are substantial. Mamula has suffered the loss of these wages and benefits from the date of termination through the present, and will continue to suffer future lost wages and benefits until he secures equivalent employment.

(b) Loss of career advancement opportunities: Mamula's wrongful termination has hindered his professional growth, including eligibility for promotions, raises, and other employment opportunities within Amerigas or in comparable positions elsewhere.

(c) Emotion distress and mental anguish: Mamula has suffered severe emotional distress, humiliation, and mental anguish as a result of being falsely accused of drug use and wrongfully terminated. This distress has impacted his personal life, reputation, and overall well-being.

(d) Reputational harm: The false positive drug test report and resulting termination have damaged Mamula's professional reputation within the industry, negatively affecting his future employability and professional relationships.

(e) Costs associated with remedial actions: Mamula has incurred and will continue to incur costs related to seeking independent verification of his drug-free status, including hair follicle and other drug tests, as well as legal fees and expenses necessary to restore his employment and reputation.

(f) Other general and special damages: Mamula is entitled to all other general and special damages available under Louisiana law, including but not limited to interest, court costs, and attorney fees, as applicable.

WHEREFORE, Petitioner, Samuel Mamula, respectfully prays that this Honorable Court:

(a) Enter judgment in his favor and against defendants, Alere Toxicology Services, Inc., Amerigas Propane, Inc., and Calcasieu Urgent Care, LLC, jointly, severally, and in solido, for all general, special, and consequential damages, including but not limited to lost wages, employee benefits, emotional distress, reputational harm, and any other damages allowed by law;

(b) Award all costs of these proceedings, including reasonable attorney's fees;

(c) Grant all other relief as the Court deems just and proper under the premises; and

(d) Grant such further relief as may be necessary to fully compensate Mamula for the harm he has suffered as a direct and proximate result of defendant's actions and/or omissions.

RESPECTFULLY SUBMITTED:

**Jeffrey Michael Heggelund #30550**
516 N. Burnside Ave
Gonzales, LA 70737
Telephone: 225-239-2800
Email: jeff@heggelundlaw.com

**Madeline Bailey #39406**
516 N. Burnside Ave.
Gonzales, Louisiana 70737
Telephone: (504) 434-0565
Facsimile: (504) 613-4677
mb@madelinebaileylaw.com

Service Instructions for Clerk of Court:

Amerigas Propane, Inc.
Through Its Agent for Service of Process
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA. 70816

Alere Toxicology Services, Inc.
Through Its Agent For Service of Process
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA. 70816

Calcasieu Urgent Care, LLC.
Through Its Agent for Service of Process
Cogency Global, Inc.
4459B Bluebonnet Blvd.
Baton Rouge, LA. 70809

# RETURN COPY



**D18180224**

# CITATION

SAMUEL MAMULA
(Plaintiff)

VS

ALERE TOXICOLOGY, INC., ET AL
(Defendant)

NUMBER C-771156  "21"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   ALERE TOXICOLOGY, INC.
THROUGH AGENT:  CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE,  LA 70816

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1.  **21 DAYS** of the date you were served with the petition; **OR**
2.  **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 4, 2025.**



*Ayauna Collins*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: HEGGELUND, JEFFREY M**
*The following documents are attached:

**PETITION FOR DAMAGES**

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____, or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

I made service on the named party through law enforcement officer through domicile, or anyone
☒ CT Corp  & Registered Agent Services
☐ LA Corp
by tendering a copy of this document to
☐ Abby Sarmiento          ☐ Bailea Fucich
☐ Ashley Minvielle         ☒ Allison Reed
DEC 10 2025
DEPUTY BRYAN SIMMONS
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED
East Baton Rouge Sheriff Office
DEC 0 9 2025

# RETURN COPY



**D18180232**

## CITATION

**SAMUEL MAMULA**
(Plaintiff)

**VS**

**ALERE TOXICOLOGY, INC., ET AL**
(Defendant)

**NUMBER C-771156  "21"**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  AMERIGAS PROPANE, INC.
THROUGH AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1.  **21 DAYS** of the date you were served with the petition; **OR**
2.  **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 4, 2025.**



*Ayauna Collins*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: HEGGELUND, JEFFREY M**
*The following documents are attached:

**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

*I made service on the named party through law enforcement officer through CT Corp*
☐ CT Corp & Registered Agent Service
☐ LA Corp
☑ Bailea Fudich
☐ Allison Reed

DEC 10 2025

*by tendering a copy of this document to*
☐ Abby Sarmiento
☐ Ashley Minvielle

**DEPUTY BRYAN SIMMONS**
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

RECEIVED
East Baton Rouge Sheriff Office
DEC 0 9 2025

# RETURN COPY



**D18180240**

# CITATION

**SAMUEL MAMULA**
(Plaintiff)

**VS**

**ALERE TOXICOLOGY, INC., ET AL**
(Defendant)

**NUMBER C-771156  "21"**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:   CALCASIEU URGENT CARE, LLC**
      **THROUGH AGENT:  COGENCY GLOBAL, INC**
      **4459B BLUEBONNET BLVD**
      **BATON ROUGE, LA 70809**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 4, 2025.**

*Ayrauna Collins*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: HEGGELUND, JEFFREY M**
*The following documents are attached:

**PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the _____ day of **DEC 1 0 2025** ,20____ and on the _____ day of _____ **DEC 1 0 2025** served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at *1205p Legal Nichols  4455 Bluebont Blvd #B*

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:        After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of **DEC 1 0 2025** ,20____.

_____ *#0226*
             Deputy Sheriff
       Parish of East Baton Rouge

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

**CITATION-2000**

RECEIVED

East Baton Rouge Sheriff Office

DEC 0 9 2025

EAST BATON ROUGE PARISH
Filed Dec 23, 2025 10:45 AM
Deputy Clerk of Court
E-File Received Dec 22, 2025 4:12 PM

C-771156
21

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.C-771156                                    DIVISION "21"

SAMUEL MAMULA

VERSUS

ALERE TOXICOLOGY, INC., AMERIGAS PROPANE, INC.,
and CALCASIEU URGENT CARE LLC.

## MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

Defendant Calcasieu Urgent Care LLC., through undersigned counsel, respectfully requests an extension of time within which to file responsive pleadings in this matter Court pursuant to Article 963 of the *Louisiana Code of Civil Procedure* and Rules 9.8(d) and 9.9(g)(1) of the *Uniform Rules for Civil Proceedings in Louisiana District Courts (except for Family Courts and Juvenile Courts)* and for a thirty (30) day extension of time, within which to answer, except or otherwise respond to plaintiffs' Petition for Damages, on suggesting:

(a) Mover has not previously sought or obtained any extension of time within which to respond or object to the petition; and

(b) Mover's counsel reasonably requires the requested extension to investigate the allegations of plaintiffs Petition in order to prepare and serve proper responses on movers behalf.

Wherefore, defendant Calcasieu Urgent Care LLC. requests that their motion be granted and that in accordance with Article 963 of the *Louisiana Code of Civil Procedure* and Rules 9.8(d) and 9.9(g)(1) of the *Uniform Rules for Civil Proceedings in Louisiana District Courts (except for Family Courts and Juvenile Courts)* they be allowed, without prejudice to any defense or right it may have in the premises, whether procedural or substantive, a thirty (30) day extension of time

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

MICHOLLE W. MORDOCK (#27130)
CLAIRE H. CARTER (#41692)
1100 Poydras St., Ste. 2700
New Orleans, LA 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301
Email: mmordock@bradleyfirm.com
　　　　　ccarter@bradleyfirm.com
ATTORNEYS FOR DEFENDANT
CALCASIEU URGENT CARE, LLC.

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing exception has been served on all

known counsel of record via email this 22nd day of December 2025.

CLAIRE H. CARTER

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.C-771156                                        DIVISION "21"

SAMUEL MAMULA

VERSUS

ALERE TOXICOLOGY, INC., AMERIGAS PROPANE, INC.,
and CALCASIEU URGENT CARE LLC.

## ORDER

The foregoing motion considered;

IT IS ORDERED that defendant Calcasieu Urgent Care LLC. be and is hereby granted a

twenty one (21)

/beyond normal delays

~~thirty (30)~~) day extension of time within which to answer, except, or otherwise respond to

plaintiffs' Petition for Damages herein, making defendants responsive pleading deadline January **21, 2026.**

Baton Rouge, Louisiana, this ___**30**___ day of ___**December**___, 2025.

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF
THE WRITTEN REASONS FOR JUDGMENT /
JUDGMENT / ORDER / COMMISSIONER'S
RECOMMENDATION WAS MAILED BY ME WITH
SUFFICIENT POSTAGE AFFIXED.
SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON  January 08, 2026

_____
DISTRICT JUDGE
**HONORABLE RONALD R. JOHNSON**

_____
DEPUTY CLERK OF COURT