**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SAMUEL MAMULA** **CIVIL ACTION**

**VERSUS** **NO. 26-34-SDD-SDJ**

**ALERE TOXICOLOGY, INC., et al.**

---

# NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 29, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAMUEL MAMULA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-34-SDD-SDJ** |
| **ALERE TOXICOLOGY, INC., et al.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 19) filed by Plaintiff Samuel Mamula. Defendants Alere Toxicology Services, Inc., and Calcasieu Urgent Care, LLC, oppose this Motion (R. Doc. 23). Defendant AmeriGas Propane, Inc., filed a separate Response to the Motion (R. Doc. 22). Plaintiff did not file a Reply to either response. For the reasons set forth below, the Court recommends that Plaintiff's Motion to Remand (R. Doc. 19) be **denied**.

## I. BACKGROUND

Plaintiff initiated this litigation on or about December 2, 2025, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] Plaintiff, an employee of AmeriGas, received notice from AmeriGas in April 2025, instructing him to report for a random drug test.[2] On April 23, 2025, Plaintiff reported to Calcasieu Urgent Care, also known as "Fast Pace," and provided a urine sample for testing.[3] The sample was then transferred to Alere, where it was tested.[4] On May 13, 2025, AmeriGas informed Plaintiff that the results of his drug test were "unfavorable" and terminated his employment with AmeriGas.[5] However, on May 20, 2025,

[1] R. Doc. 1-1 at 1.
[2] *Id.* at 2 ¶¶ 6-7.
[3] *Id.* ¶ 9.
[4] *Id.* at 3 ¶ 10.
[5] *Id.* ¶¶ 11-12.

Plaintiff passed a hair follicle drug test.[6] As a result, Plaintiff filed the instant action, bringing causes of action for negligence, defamation, breach of contract, and wrongful termination against Defendants.

On January 9, 2026, AmeriGas removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[7] In its Notice of Removal, AmeriGas asserts that diversity jurisdiction exists because the amount in controversy is met and all parties are completely diverse.[8] Following removal, however, Plaintiff filed the instant Motion to Remand, arguing that because Alere, like Plaintiff, is a citizen of Louisiana, complete diversity does not exist, meaning this Court lacks subject matter jurisdiction.[9] Alere and Calcasieu Urgent Care filed an Opposition, claiming that complete diversity exists between Plaintiff and all properly joined Defendants and arguing that Alere was improperly joined in this litigation.[10] Plaintiff did not file a reply to Defendants' Opposition.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed "the sum or value of $75,000,

---

[6] *Id.* ¶ 13.
[7] R. Doc. 1 at 1.
[8] *Id*. In their Notice of Removal, Defendants assert that Alere is a citizen only of Illinois, having been incorporated and having its principal place of business in Illinois. R. Doc. 1 at 5 ¶ 14. However, in its Rule 7.1 Corporate Disclosure Statement filed on January 16, 2026, Alere states that it was actually incorporated in Louisiana, not Illinois, but does have its principal place of business in Illinois, thereby making it a citizen of both Louisiana and Illinois. R. Doc. 6 at 1.
[9] R. Doc. 19 at 2.
[10] R. Doc. 23 at 1-2. The Court notes that AmeriGas's Response does not substantively address the arguments in Plaintiff's Motion to Remand.

exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). However, "[a] civil action removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss them from the litigation, and exercise subject matter jurisdiction over the remaining diverse defendants. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 810 n. 5 (5th Cir. 2021) ("[T]he proper mechanism of handling an improperly joined party is to dismiss it, not send it to another court to decide the merits."). "The party seeking removal bears a heavy burden of proving that the joinder

of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

**B. Discussion**

Here, it is undisputed that Plaintiff and Defendant Alere are Louisiana citizens. The question before the Court is whether Alere, the company that performed the initial drug test, is an improperly joined party.

In its Opposition to Plaintiff's Motion to Remand, Alere argues that it was improperly joined as a party in this litigation for two reasons: (1) Plaintiffs claims against Alere, which are all state or common law claims, are preempted by federal law and provide no private right of action for individuals such as Plaintiff; and (2) Plaintiff fails to state a claim against Alere because his

Complaint lacks sufficient factual support, consisting primarily of legal conclusions and unsupported assertions.[11] The Court first turns to whether Plaintiff's claims are preempted by federal law.

In his Complaint, Plaintiff states that "Amerigas is the largest retail propane distributor in the United States" and distributes the propane via delivery trucks.[12] While not stated directly, it can be assumed from the Complaint that Plaintiff is a propane truck driver.[13] Plaintiff further alleges:[14]

> DOT requires a commercial driver's license with a Hazmat endorsement among other specialized requirements. DOT requires alcohol and drug testing for all safety-sensitive positions, including propane truck drivers. Required tests for DOT include pre-employment, random, reasonable suspicion, post-accident, and return to duty/follow up after violation type tests. These rules are promulgated and implemented by the Federal Motor Carrier Safety Administration.

In 1991, Congress enacted the Omnibus Transportation Employee Testing Act ("OTETA"), which implemented drug-testing requirements in transportation industries, including for commercial motor carriers. *Akins v. Valley Proteins, Inc.*, No. 21-193, 2022 WL 2292729, at *4 (N.D. Tex. Jun. 23, 2022) (citing Pub. L. No. 102-43, 105 Stat. 952-56 (1992) (codified as amended at 49 U.S.C. §§ 45101-06)). OTETA also created the Federal Motor Carrier Safety Administration ("FMCSA"). *Id.* "FMCSA regulations set forth employer and employee obligations related to federally mandated drug testing." *Id.*

Federal law preempts state law when: "(1) Congress expressly preempts state law; (2) Congressional intent to preempt may be inferred from the existence of a pervasive federal regulatory scheme; or (3) state law conflicts with federal law or its purposes." *Frank v. Delta*

---

[11] R. Doc. 23 at 2.
[12] R. Doc. 1-1 at 1 ¶ 2.
[13] *See id.* at 2 ¶ 3.
[14] *Id.*

*Airlines Inc.*, 314 F.3d 195, 197 (5th Cir. 2002) (citing *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990)). Both OTETA and FMCSA regulations contain preemption provisions. As set forth in OTETA:

> (g) Effect on State and local government regulations.—A State or local government may not prescribe or continue in effect a law, regulation, standard, or order that is inconsistent with regulations prescribed under this section. However, a regulation prescribed under this section may not be construed to preempt a State criminal law that imposes sanctions for reckless conduct leading to loss of life, injury, or damage to property.

49 U.S.C. § 31306(g ). Similarly, FMCSA provides:

> (a) Except as provided in paragraph (b) of this section, this part preempts any State or local law, rule, regulation, or order to the extent that:
>
> > (1) Compliance with both the State or local requirement in this part is not possible; or
> >
> > (2) Compliance with the State or local requirement is an obstacle to the accomplishment and execution of any requirement in this part.

49 C.F.R. § 382.109(a). These provisions expressly preempt Plaintiff's state law claims. *See Akins*, 2022 WL 2292729, at *4; *Frank*, 314 F.3d at 201-03. And "[e]ntertaining common-law claims related to federally mandated drug testing would conflict with FMCSA regulations." *Akins*, 2022 WL 2292729, at *4 (citing *Frank*, 314 F.3d at 201 ("Allowing Frank to avail himself to Texas's negligence regime would impose duties on Delta [Airlines] that are independent from and duplicative of the duties [the Federal Aviation Administration] imposes on airline industry employers."); *Mission Petrol. Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 715 (Tex. 2003) (declining to recognize common-law duty regarding federally mandated drug testing because OTETA and FMCSA regulations provide a "comprehensive statutory and regulatory scheme")).

The *Akins* court further explained the preemptive effect of the OTETA and FMCSA regulations as follows:

> By overriding State and local laws, regulations, rules, standards, and orders inconsistent with OTETA and FMCSA regulations, Congress accomplished three things. First, Congress "supported the preemption, where necessary, of state common law negligence claims." *Frank*, 214 F.3d at 199; *see also CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993) (stating "law, rule, regulation, order, or standard" language includes common-law negligence claims). Second, Congress approved FMCSA's authority to issue preemptive regulations after OTETA was passed. *Cf. Frank*, 214 F.3d at 199. Third — regarding OTETA specifically — "the narrow savings language implied a broad scope for federal preemption, since an exception for state criminal laws would hardly have seemed necessary if state law were only narrowly preempted." *Id.*; *see also Forsyth v. Barr*, 19 F.3d 1527, 1543 (5th Cir. 1994) (stating courts should read preemption provisions and saving clauses together without rendering either superfluous).

*Akins*, 2022 WL 2292729, at *4. Thus, it is clear that these federal regulations preempt Plaintiff's state and common law claims, which are the only claims raised in his Complaint.

Furthermore, these regulations do not create a private cause of action for Plaintiff to pursue his claims. *Akins*, 2022 WL 2292729, at *5. *See also Freeman v. Middle Tp. Bd. of Educ.*, 529 F. App'x 213, 216 (3d Cir. 2013) (per curiam) (noting "that there is no private cause of action available to aggrieved employees for a violation of the procedural protections of the federal drug-testing regime") (internal quotations and modification omitted); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307-08 (6th Cir. 2000) (finding the district court "properly analyzed Plaintiff's claim and properly concluded that an implied private cause of action does not exist under 49 C.F.R. § 40.25 or FOTETA"); *Brooks v. AAA Cooper Transp.*, 781 F. Supp. 2d 472, 488 (S.D. Tex. 2011) ("Congress has not given employees a private right of action under the DOT drug testing regulations"). Rather, an administrative remedy exists through which Plaintiff can pursue redress for his perceived wrongs. *See, e.g.*, 49 C.F.R. § 386.12(a)(1) (permitting persons to file a written complaint and initiate administrative proceeding); 49 U.S.C. § 521(b) (setting forth the administrative process for "violations relating to commercial motor vehicle safety regulation and operators").

Because OTETA and FMCSA regulations preempt Plaintiff's state law claims, those claims necessarily fail. As such, Plaintiff has failed to establish a viable cause of action against Alere, and the Court finds that Alere was improperly joined. Having made this determination, the Court need not reach Alere's additional argument that Plaintiff's Complaint lacks sufficient factual support.

## III. CONCLUSION

Finding that non-diverse Defendant Alere was improperly joined, the Court finds that jurisdiction pursuant to 28 U.S.C. § 1332 has been established. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 19) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendant Alere Toxicology Services, Inc., be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on July 29, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**